# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-465-FDW-DCK

| | |
|---|---|
| ECO FIBER INC., | ) |
| Plaintiff, | ) **PROTECTIVE ORDER** |
| v. | ) |
| DAVID KEVIN VANCE and YUKON PACKAGING, LLC, , | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of A Protective Order" (Document No. 75) filed January 21, 2025. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion and enter the parties' proposed order as follows.

The parties request a comprehensive protective order; and all parties (collectively the "Parties" and each individually a "Party") that have appeared in this action consent through their counsel of record; and the Court finds that the discovery procedures in this case may involve the disclosure, or requested disclosure, of information, either documentary, testimonial, or both, regarded by a designating Party as confidential information, and that a comprehensive protective order is therefore necessary and appropriate.

**IT IS, THEREFORE, ORDERED** that the following terms and conditions, which shall apply to the above-captioned civil action only, are approved and ordered by the Court:

1. This Order is intended to provide a mechanism by which any Party may designate otherwise discoverable information as confidential in order to afford it the protection provided by

1

this Order. Nothing herein shall be construed as requiring any Party to produce confidential information that is otherwise protected from disclosure under the Federal Rules of Civil Procedure or other applicable rules and law.

2. This Order governs the use of all produced documents, responses to interrogatories or requests for admissions, deposition transcripts, deposition exhibits, documents produced by a third party pursuant to subpoena, or any other information, documents, objects, or things that have been or will be produced or received by any Party, witness or other third party during pretrial proceedings in this action pursuant to Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes, and summaries thereof. These materials are collectively referred to herein as "Discovery Materials."

3. This Order is not intended to govern the use of Discovery Materials at any hearing or at the trial of this action. Questions regarding the protection or use of Discovery Materials during a hearing or at trial will be presented to the Court prior to or during such hearing or trial as each Party deems appropriate.

4. "Confidential Materials" means any Discovery Materials produced or disclosed by any Party, witness, or other third party that are deemed by a Party in good faith to contain trade secrets or other confidential or proprietary commercial, business, or personal information. Such Confidential Materials may be designated by a Party as "CONFIDENTIAL" in the manner set forth below.

Certain Confidential Materials may instead be designated "HIGHLY CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or, when that is not feasible, by notifying opposing counsel in writing of such designation ("Highly

Confidential Materials" or "Highly Confidential"). Only the following Discovery Materials may be designated as Highly Confidential Materials: any document, thing, deposition, or other testimony reasonably considered in good faith by a Party to contain trade secrets or highly competitive and/or sensitive, nonpublic proprietary or confidential information.

Such materials may be designated by a Party as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" in the manner set forth below.

5. Confidential Materials shall not include:

(a) publicly available advertising materials;

(b) materials that on their face show that they have been submitted to any public or governmental entity without a request for confidential treatment;

(c) articles appearing in any publicly available publication;

(d) information otherwise publicly available; or

(e) information of a Party that is otherwise Confidential Materials and that is thereafter intentionally disclosed by such Party without obligations of confidentiality.

6. With respect to the production of documents or things, any Party may designate documents or things as Confidential Materials by stamping or labeling them with "CONFIDENTIAL," or if applicable, with "HIGHLY CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or, when that is not feasible, by notifying opposing counsel in writing of such designation. Only the portion of the document considered to be Confidential Materials shall be so designated; and when less than the entirety of a document is Confidential Materials, the first page of the document should be marked to indicate that portions of the document are Confidential Materials. Any portion of a document not specifically designated as Confidential or Highly Confidential shall not be deemed as such.

Documents or things produced by a witness or other third party may be designated as Confidential or Highly Confidential in the same fashion as documents produced by a Party.

Depositions may be designated Confidential or Highly Confidential by indicating that fact on the record at the deposition or within 10 business days of receipt of the initial transcript. If a Party has advised the court reporter that confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "DEPOSITION CONTAINS [HIGHLY] CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] — SUBJECT TO A PROTECTIVE ORDER." Within 20 business days of receipt of the initial deposition transcript, the designating Party shall advise the court reporter and opposing counsel of the specific pages and lines that contain Confidential Materials and their designation. Those specific pages and lines shall be the only portions of the depositions deemed to be Confidential Materials. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential or Highly Confidential and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing Party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript in accordance with its designation at the deposition or within 10 days of receipt of the initial transcript. With respect to answers to interrogatories or responses to requests for admissions, a Party may designate portions of such responses as Confidential or Highly Confidential by clearly labeling them as such in the body of the response (attaching the Confidential Materials separately as exhibits).

7. If a Party contends that any document has been erroneously designated as Confidential or Highly Confidential, it shall nevertheless treat the document according to its designation unless and until it obtains the designating Party's written permission to do otherwise.

If the designating Party does not so consent, the Parties shall confer in an effort to resolve the dispute as required by the Federal Rules of Civil Procedure as well as this Court's Local Rules. If the Parties cannot resolve the dispute, the Party that objects to the designation may submit the dispute to the Court pursuant to the Federal Rules of Civil Procedure as well as this Court's Local Rules. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of a particular document as Confidential or Highly Confidential.

8. Confidential Materials designated Confidential in accordance with section 6 will be disclosed only to the following persons, except upon the prior written consent of the designating Party or upon order of the Court:

(a) counsel of record for the Parties and the direct employees of such counsel who are materially assisting in the preparation or trial of this action;

(b) the Parties, members of each Party's control group, defined as any officers, directors, shareholders, or other employee or agent of a Party that is involved in the defense or prosecution of the instant lawsuit or the co-pending lawsuit in federal district court, the Parties' legal counsel, and the employees of such legal counsel;

(c) bona fide independent (i.e., not employed by or affiliated with a Party or an affiliated company of a Party) consultants and experts retained for the purpose of this action, to the extent necessary for the conduct of this action;

(d) deponents, who may be shown Confidential Materials in preparation for their deposition and during their deposition, but shall not be permitted to keep copies of Confidential Materials nor any portion of the deposition reflecting the Confidential Materials;

(e) the Court and its employees, including during any hearing or the trial of this matter;

(f) court reporters and videographers taking, transcribing, or recording testimony given at a deposition;

(g) other outside counsel representing any Party to this action in litigation by and between the same or similar parties with the same or similar issues provided that such counsel agrees to be bound by the terms of this Order and seeks a similar Order in such case;

(h) nonparty witnesses whom counsel deem reasonably necessary for the preparation and trial of this action;

(i) any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing; or (j) by mutual consent of the Parties.

Confidential Materials designated as Highly Confidential will be disclosed only to the persons listed in subsections (a), (c), (e), (f), (g), (i), and (j), except upon the prior written consent of the designating Party or upon order of the Court. Before Confidential Materials designated as Highly Confidential are disclosed to anyone listed above (except the Court and its employees, court reporters, and videographers), such person shall be provided with a copy of this Order and shall sign a Certification in the form attached hereto as **Exhibit A**, signifying that he/she has carefully and completely read, understands, and agrees to be bound by this Order. All such Certifications shall be maintained by counsel of record and shall be delivered to counsel of record for the designating Party at the conclusion of the litigation. As to nonparty witnesses covered in subsection (h) above, or a nonparty deponent who is testifying pursuant to subpoena and who refuses to sign **Exhibit**

**A**, the Party that plans to disclose Confidential Materials to such persons or witnesses must advise the designating Party by written notice to its counsel of record 5 business days before disclosure to allow the designating Party an opportunity to object to the disclosure. Such notice shall include a list of the specific Confidential Materials that the Party plans to disclose. If the designating Party objects to the disclosure, no disclosure of Confidential Materials shall be made to nonparty witnesses until the resolution of such objection by agreement of the Parties or by the Court. When an objection is made to disclosure of Confidential Materials in connection with an upcoming deposition of a nonparty deponent who refuses to sign **Exhibit A**, the deposing party may move forward with such deposition and may hold the deposition open with respect to questions concerning the objected-to documents.

9. If a Party wishes to disclose Confidential Materials to any person not described in section 8 of this Order, permission to so disclose must be requested from the designating Party in writing. The designating Party shall respond to the request within 10 business days; and a failure to object shall be deemed a waiver by the designating Party, and the Party to make the proposed disclosure may do so without violating this Order. If the designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon the Parties' compliance with the Federal Rules of Civil Procedure and all applicable local rules, the Court orders otherwise.

10. Any Party wishing to file any Confidential Materials with the Court, including any portion of a court paper that discloses Confidential Materials, shall move to file the documents under seal as required by LCvR 6.1. When filing a motion, the filing Party will cite to the Court the grounds for filing the Confidential Materials under seal. For purposes of LCvR 6.1 and 7.1, a Party's designation of material as Confidential or Highly Confidential does not, by itself, serve to

demonstrate that sealing is warranted. Likewise, consent of the other Parties does not relieve the designating Party of its obligation to show that sealing is warranted.

11. Except as otherwise provided in this Order, all Parties to this action and persons with access to Confidential Materials shall treat all Confidential Materials as Confidential, or Highly Confidential, as the case may be, and shall take appropriate, reasonable steps to ensure that such materials remain confidential or Highly Confidential.

12. All Confidential Materials produced by any Party, witness, and/or other third party during the course of this action shall be used only for the prosecution or defense of this action and shall not be used or employed for any other purpose whatsoever; except that the Parties agree that a Party may also use Confidential Materials in connection with the ongoing NC Business court litigation, Case Number 24CV020983-590 ("Related State Case"), so long as a protective order with protections comparable to this Order is in place in such other litigation, and further agree to bates number any documents produced in either matter as if said documents were part of a single document production (i.e., one numbering system for both matters), if feasible, so as to avoid confusion. This agreement is intended only for purposes of convenience and shall not be used as an admission of any kind relating to the relevance or admissibility of any document.

13. Nothing contained in this Order shall restrict the rights of any Party to use its own documents or to use information obtained or developed by the Party independently of and without reference to documents, transcripts, and other information provisionally afforded confidential treatment pursuant to this Order.

14. Inadvertent production of documents or information which should or might have been designated Confidential without a Confidential designation or a Highly Confidential designation shall not be deemed a waiver in whole or in part of a Party's claims of confidentiality;

provided that a Party who becomes aware that its confidential documents or information have been inadvertently produced shall promptly notify all other Parties in writing of that fact and shall make such designation as may be appropriate under this Order at that time.

15. Inadvertent production of documents or things that are subject to work product protection, the attorney-client privilege, or other privilege shall not constitute a waiver of such protection or privilege, and a receiving Party who becomes aware that protected or privileged documents or things produced by another appear to have been produced inadvertently shall promptly contact the producing Party in writing to inform it of that fact. In addition, a producing Party who becomes aware of the inadvertent production of privileged or protected materials shall promptly notify the receiving Parties in writing. Once a receiving Party becomes aware of such inadvertent disclosure, the receiving Party shall make no further use or disclosure of the inadvertently produced documents or things. Such inadvertently produced documents or things shall be returned to the producing Party upon request, or shall be destroyed, at the election of the producing Party, regardless of whether the receiving Party agrees with the claim of privilege or work-product protection. In the event that the receiving Party disagrees with the claim of privilege or work-product protection, the receiving Party shall nevertheless treat the document according to its designation unless and until it obtains the producing Party's written permission to do otherwise. If the producing Party does not so consent, the receiving Party shall confer with the producing Party in an effort to resolve the disagreement as required by local rule. If the Parties cannot resolve their disagreement, the receiving Party may submit the dispute to the Court pursuant to the Federal Rules of Civil Procedure and any applicable local rule.

16. This Order is without prejudice to the right of any Party to oppose disclosure of any information or production of any document or thing for any reason or ground permitted by applicable law, including, without limitation, the Federal Rules of Civil Procedure and Evidence.

17. The ultimate disposition of any Confidential or Highly Confidential Materials filed with the Court shall be subject to final order of the Court upon completion of the litigation.

18. This Order shall not preclude any Party from applying to the Court for relief from any provision hereof or from asserting that certain Confidential or Highly Confidential Materials should receive greater or lesser confidentiality protection than that provided herein for Confidential Materials.

19. Unless otherwise agreed by counsel for the parties, all Confidential Materials and all copies thereof, shall be returned to the designating Party within 15 days of the termination of this action or the Related State Case, whichever occurs later, or shall be destroyed, at the option of the Party designating such materials during discovery.

20. This Order is without prejudice to the right of any Party to seek modification or amendment of this Order by further order of the Court upon motion and notice. This Court shall have continuing jurisdiction to modify, enforce, interpret, or rescind this Order, notwithstanding the termination of this action.

21. If a Party or its counsel receives a notice of any subpoena, court order, or other compulsory process commanding production of Confidential Materials that a Party has obtained under the terms of this Order, then counsel for such Party shall within 5 business days notify the designating Party in writing. The designating Party shall be responsible for seeking whatever appropriate protective orders or other relief it desires before such time that the Party receiving the subpoena, order, or other compulsory process must comply with the same.

**SO ORDERED**.

Signed: January 22, 2025

David C. Keesler
United States Magistrate Judge

.

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-465-FDW-DCK**

| | |
|---|---|
| ECO FIBER INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVID KEVIN VANCE and | ) |
| YUKON PACKAGING, LLC, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

I hereby certify (i) I understand discovery material and/or Confidential Information are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Pursuant to Fed. R. Civ. P. 26(c) (the "Order") entered by the United States District Court for the Western District of North Carolina (the "Court") in this action, and (ii) I have read said Order. I further certify I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand a violation of the Order may be punishable by contempt of Court.

Dated: _____  Signature: _____

Name: _____

Address: _____

_____